

**WILLIAM C. FREDERICKS**

Writer's Direct Dial Number
(646) 582-0123

Writer's Direct Email Address
wfredericks@scott-scott.com

October 10, 2014

<u>**Via ECF**</u>

Hon. William H. Pauley III
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

    Re:   *In re NQ Mobile, Inc. Securities Litigation,*
              Case No. 13-cv-7608-WHP

Dear Judge Pauley:

      The undersigned counsel represents the members of the Volin Group, the Court-appointed Lead Plaintiffs in the above-captioned securities fraud action.  Pursuant to Your Honor's individual practice rules, I respectfully submit this letter in response to the October 3, 2014 letter (the "PwCIL Letter") of defendant PricewaterhouseCoopers International Limited ("PwCIL"), in which PwCIL requests a pre-motion conference with respect to its anticipated filing of a motion to dismiss the Consolidated Class Action Complaint ("CCAC") under Fed. R. Civ. P. 12(b)(6).

      As the Consolidated Complaint explains, PricewaterhouseCoopers Zhong Tian LLP ("PwC-China") served as the independent auditors and registered public accounting firm for Defendant NQ Mobile, Inc. throughout the Class Period.  During this engagement, PwC-China, *inter alia,* violated Generally Accepted Auditing Standards and acted recklessly in conducting audits of NQ's financial statements and in issuing unqualified audit reports on NQ's financial statements for fiscal year 2012.  PwC-China is a "member firm" of the PwCIL global "network" of member firms that market themselves under the brand name "PwC."  According to PwCIL's own website, all of the member firms in the network operate with a "common purpose" and under a single umbrella.  PwCIL exerts direct control over the firms in its network, including PwC-China, by enforcing policies to which each member must conform.

**NEW YORK**    SCOTT+SCOTT, ATTORNEYS AT LAW, LLP    212-223-6444 VOICE
OHIO    THE CHRYSLER BUILDING    212 223-6334 FAX
CALIFORNIA    405 LEXINGTON AVENUE, 40th FLOOR    SCOTTLAW@SCOTT-SCOTT.COM
CONNECTICUT    NEW YORK, NY 10174-4099    WWW.SCOTT-SCOTT.COM

Hon. William H. Pauley
October 10, 2014
Page 2

      The CCAC asserts a single claim against PwCIL, alleging that it violated the "control person" liability provisions of Section 20(a) of the Securities Act of 1934. "The statutory language identifies two components to a control person claim: (1) a primary violation by a controlled person (*i.e.*, PwC-China), and (2) direct or indirect control of the primary violator by the defendant. *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 414 (S.D.N.Y. 2003) Here, however, PwCIL's Letter focuses on what they assert is the defective pleading of a third element of Section 20(a) liability, namely "culpable participation."

      District courts within the Second Circuit disagree on the question of whether Section 20(a) plaintiffs must affirmatively allege "culpable participation" with particularity as a third element of their claim, or, alternatively, "whether section 20(a) created a burden-shifting framework where plaintiffs must only plead a primary 10(b) violation and control, with defendants allowed to raise a good faith defense in their answer that can later be rebutted by plaintiffs." *See, e.g., Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 245 (S.D.N.Y. 2006) (Karas, J.) (collecting cases).

      As PwCIL's Letter states, Your Honor has previously adopted the former of these two approaches with respect to pleading culpable participation. *See, e.g.*, PwCIL Letter at 2, citing *In re SLM Corp. Sec. Litig.*, 740 F. Supp. 2d 542, 560 (S.D.N.Y. 2010) ("Plaintiffs must plead with particularity facts giving rise to a strong inference that the controlling person knew or should have known that the primary violator … was engaged in fraudulent conduct"). Lead Plaintiffs respectfully submit, however, that it is the latter approach that is correct and most in conformity with the statutory text.[1] *See, e.g., Dobina v. Weatherford In'l Ltd.*, 909 F. Supp. 2d 228, 256 (S.D.N.Y. 2012) (Kaplan, J.) ("As this Court previously has held, a plaintiff need not plead culpable participation by the control person in order to state a legally sufficient claim"); *In re Tronox,Inc. Sec. Litig.*, 2010 WL 2835545, at *15 (S.D.N.Y. 2010) (Scheindlin, J.) ("I continue to hold that 'scienter is not an essential element of a Section 20(a) claim,' and as discussed elsewhere 'the statutory language places the burden … on defendants … to exculpate themselves by proving either good faith or due diligence'") (citations omitted); *see also Masterson v. Commonwealth Bankshares, Inc.*, 2 F. Supp. 3d 824, 826 (E.D. Va. 2014) (noting that the majority of circuit courts that have addressed the issue -- including the Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits -- have held that the plaintiff need not plead the defendant's culpable participation to adequately allege a §20(a) claim). Accordingly, Lead Plaintiffs believe it is appropriate for the Court to allow full briefing on this disputed issue.

      Although not entirely clear from its letter, to the extent that PwCIL also argues that the CCAC does not allege that it "controlled" PwC-China, this argument should also be rejected. As the CCAC alleges, PwCIL exerts direct control over the firms in its network, including PwC China, by, *inter alia*, enforcing numerous policies to which each PwC member firm must conform, approving its member firms' audit engagements, and providing extensive support through its "centralized service centers" CCAC ¶¶38-43. Moreover, inasmuch as questions as to whether an entity is a controlling person is a "fact-intensive inquiry," it "generally should not be

---

[1] Section 20(a), provides in pertinent part as follows: "Every person who, directly or indirectly, controls any person liable under any provision of this Act or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable … unless the controlling person acted in good faith…."

Hon. William H. Pauley
October 10, 2014
Page 3

resolved on a motion to dismiss." *See, e.g., Katz v. Image Innovations Holdings, Inc.,* 542 F.Supp. 2d 269, 276.

      Separately, PwCIL's letter observes that the control person claims asserted against it should be dismissed if the CCAC fails to state an underlying claim against PwC China, but suggests that "briefing on this particular ground for dismissal of PwCIL -- whether the Complaint fails to state a primary violation by PwC China – be deferred until PwC China is served and appears through counsel." Lead Plaintiffs agree with PwCIL that this approach is likely to be more efficient for the parties and the Court, based on Lead Plaintiffs' expectation that they will be able to serve the CCAC on PwC China (a corporate entity with a known address in China) within the next four months under the Hague Convention.

                      Respectfully submitted,

                      s/ William C. Fredericks

                      William C. Fredericks

cc:     All counsel of record by ECF filing