UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NQ MOBILE, INC. SECURITIES LITIGATION | Master File No. 13-CV-7608 (WHP)<br><br>ECF CASE<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Thomas G. Rafferty
Antony L. Ryan
Samira Shah
   CRAVATH, SWAINE & MOORE LLP
     Worldwide Plaza
      825 Eighth Avenue
       New York, NY 10019
        (212) 474-1000
          trafferty@cravath.com
          aryan@cravath.com
          sshah@cravath.com

*Attorneys for Defendant*
*PricewaterhouseCoopers International Limited*

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................. ii

Preliminary Statement ............................................................................................................... 1

Argument .................................................................................................................................... 2

I.      PLAINTIFFS HAVE NOT ADEQUATELY PLEADED CULPABLE
PARTICIPATION BY PWCIL. ...................................................................................... 2

II.     PLAINTIFFS HAVE NOT ADEQUATELY PLEADED THAT PWCIL
CONTROLLED PWC CHINA .......................................................................................... 5

Conclusion ................................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boguslavsky v. Kaplan*, 159 F.3d 715 (2d Cir. 1998) ......................................................4

*Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, No. 12 Civ.
    5329 (SAS), 2014 WL 5334053 (S.D.N.Y. Oct. 20, 2014) .....................................2, 4

*Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227
    (2d Cir. 2014) .........................................................................................................3

*Cohen v. Stevanovich*, 722 F. Supp. 2d 416 (S.D.N.Y. 2010) .........................................5

*Dobina v. Weatherford Int'l Ltd.*, 909 F. Supp. 2d 228 (S.D.N.Y. 2012) ......................3

*Floyd v. Liechtung*, No. 10 Civ. 4254 (PAC), 2013 WL 1195114
    (S.D.N.Y. Mar. 25, 2013) ...................................................................................5, 7

*In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391 (S.D.N.Y. 2003) ..................6

*In re Bayer AG Sec. Litig.*, No. 03 Civ. 1546 (WHP), 2004 WL 2190357
    (S.D.N.Y. Sept. 30, 2004) ...................................................................................3, 4

*In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003) ...............4

*In re LaBranche Sec. Litig.*, 405 F. Supp. 2d 333 (S.D.N.Y. 2005) ...............................4

*In re Lernout & Haspie Sec. Litig.*, 230 F. Supp. 2d 152 (D. Mass. 2002) ....................6

*In re Parmalat Sec. Litig.*, 594 F. Supp. 2d 444 (S.D.N.Y. 2009) ...............................6, 7

*In re ShengdaTech, Inc. Sec. Litig.*, No. 11 Civ. 1918 (LGS), 2014 WL
    3928606 (S.D.N.Y. Aug. 12, 2014) .....................................................................3, 4

*In re SLM Corp. Sec. Litig.*, 740 F. Supp. 2d 542 (S.D.N.Y. 2010) ..............................3, 4

*In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392 (S.D.N.Y. 2003) .......................4

*In re Yukos Oil Co. Sec. Litig.*, No. 04 Civ. 5243 (WHP), 2006 WL 3026024
    (S.D.N.Y. Oct. 25, 2006) ....................................................................................3, 4

*Katz v. Image Innovations Holdings, Inc.*, 542 F. Supp. 2d 269
    (S.D.N.Y. 2008) .......................................................................................................7

*Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir. 1973) ....................................................3

*Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221 (S.D.N.Y. 2006) ...................4

*Meridian Horizon Fund, L.P. v. Tremont Grp. Holdings, Inc.*, No. 09 Civ.
3708 (TPG), 2012 WL 6168151 (S.D.N.Y. Dec. 11, 2012) ......................................................3

*Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341
(S.D.N.Y. 2012) ...........................................................................................................2, 4

*SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450 (2d Cir. 1996) ......................................................2, 3

*STMicroelectronics v. Credit Suisse Grp.*, 775 F. Supp. 2d 525
(E.D.N.Y. 2011) ...........................................................................................................7

**Statutes & Rules**

Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a)........................... passim

Federal Rule of Civil Procedure 8(a) .............................................................................5

Federal Rule of Civil Procedure 9(b).............................................................................5

Defendant PricewaterhouseCoopers International Limited ("PwCIL") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Consolidated Amended Class Action Complaint filed on October 24, 2014 (the "Complaint" or "Compl.").

## Preliminary Statement

Lead Plaintiffs' only claim against PwCIL—a Section 20(a) claim—should be dismissed.  The Complaint alleges that PwCIL was a control person of PricewaterhouseCoopers Zhong Tian LLP ("PwC China"),[1] a separately represented entity that has not yet been served.  As explained in PwCIL's opening brief, PwCIL had no involvement with PwC China's audit of NQ Mobile's financial statements.  Moreover, the issues on PwCIL's motion to dismiss are unrelated to those raised by NQ Mobile on its separate motion to dismiss.

In their opposition to PwCIL's motion to dismiss,[2] Lead Plaintiffs concede that "this Court, and a majority of its sister courts in this District, have held that a plaintiff must plead 'culpable participation' to state a § 20(a) claim".  (Opp. Br. at 37.) Lead Plaintiffs have not pleaded culpable participation on the part of PwCIL, and do not contend that they have done so.  Rather, they argue that this Court should reverse course from its own numerous rulings and depart from the majority of courts in this District that have held that a plaintiff must plead culpable participation (and, indeed, must plead with particularity).  There is no reason for this Court to reconsider its prior rulings, which

---

[1] PricewaterhouseCoopers Zhong Tian LLP is referred to in the Complaint as PwC-ZT.  For ease of reference, this memorandum uses the term "PwC China".

[2] PwCIL's motion to dismiss brief, filed on December 16, 2014 ("PwCIL Br."), is ECF No. 133.  Lead Plaintiffs' corrected consolidated opposition brief, filed on February 11, 2015 ("Opp. Br."), is ECF No. 137.

properly apply the Second Circuit's repeated articulation of the pleading requirements for claims under Section 20(a).  This ground alone requires dismissal of Lead Plaintiffs' claim against PwCIL.

      The claim against PwCIL should also be dismissed because the Complaint fails adequately to allege the element of control.  Lead Plaintiffs' allegations about PwCIL's role in the structure of the PwC network are insufficient.  Because Lead Plaintiffs have alleged no facts demonstrating that PwCIL was involved in PwC China's audit of NQ Mobile, the Complaint does not adequately allege the control element of a Section 20(a) claim.

### Argument

### I.   PLAINTIFFS HAVE NOT ADEQUATELY PLEADED CULPABLE PARTICIPATION BY PWCIL.

      Section 20(a) requires a plaintiff to plead affirmatively "that the controlling person was in some meaningful sense a culpable participant in the fraud perpetrated by the controlled person".  *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996).  Lead Plaintiffs assert erroneously that the Second Circuit has yet to rule on this issue.  (Opp. Br. at 37.)[3]  In fact, since its 1996 decision in *First Jersey*, the Second Circuit has reiterated on no fewer than eight occasions that a plaintiff must plead culpable participation to establish a *prima facie* case under Section 20(a).  (*See* PwCIL Br. at 7-8, collecting Second Circuit cases.)  As a result, the culpable participation requirement is the law in this Circuit.  *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am.*

---

[3] In the decision on which Lead Plaintiffs rely, *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, No. 12 Civ. 5329 (SAS), 2014 WL 5334053, at *7 n.75 (S.D.N.Y. Oct. 20, 2014), Judge Scheindlin stated that the Second Circuit has yet to rule on whether *scienter* is an element of a Section 20(a) claim, which is a separate question from whether a plaintiff must plead *culpable participation* to establish a *prima facie* case.

*Corp.*, 874 F. Supp. 2d 341, 368 (S.D.N.Y. 2012) (Pauley, J.); *In re SLM Corp. Sec. Litig.*, 740 F. Supp. 2d 542, 560 (S.D.N.Y. 2010) (Pauley, J.); *In re Yukos Oil Co. Sec. Litig.*, No. 04 Civ. 5243 (WHP), 2006 WL 3026024, at *23 (S.D.N.Y. Oct. 25, 2006) (Pauley, J.); *In re Bayer AG Sec. Litig.*, No. 03 Civ. 1546 (WHP), 2004 WL 2190357, at *16 (S.D.N.Y. Sept. 30, 2004) (Pauley, J.); *see also In re ShengdaTech, Inc. Sec. Litig.*, No. 11 Civ. 1918 (LGS), 2014 WL 3928606, at *10 & n.1 (S.D.N.Y. Aug. 12, 2014) (collecting cases); *Meridian Horizon Fund, L.P. v. Tremont Grp. Holdings, Inc.*, No. 09 Civ. 3708 (TPG), 2012 WL 6168151, at *2 (S.D.N.Y. Dec. 11, 2012) (same).

   Lead Plaintiffs urge this Court to reject the law in this Circuit and follow instead the approach taken by Judge Kaplan that a plaintiff need not plead culpable participation.  (Opp. Br. at 37-38, citing *Dobina v. Weatherford Int'l Ltd.*, 909 F. Supp. 2d 228, 256 (S.D.N.Y. 2012).)  That approach is inconsistent with numerous Second Circuit decisions, most recently *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 236 (2d Cir. 2014).  Given the number of times since *First Jersey* that the Second Circuit has expressly reiterated the culpable participation requirement, labeling the discussion in *First Jersey* as dicta that a district court need not follow does not exhibit due respect to the Second Circuit.  Moreover, the *First Jersey* reasoning is highly persuasive and gives effect to congressional intent that Section 20(a) liability requires culpable participation, beyond mere control.  *See Lanza v. Drexel & Co.*, 479 F.2d 1277, 1299 (2d Cir. 1973) (en banc).  There is no inconsistency between the fact that "good faith" is ultimately an affirmative defense, *see* 15 U.S.C. § 78t(a), and "culpable participation" is part of a *prima facie* case, *see First Jersey*, 101 F.3d at 1472-73.

3

Lead Plaintiffs also misread Judge Scheindlin's decisions on this issue. Contrary to Lead Plaintiffs' repeated assertions (*see* Opp. Br. at 37-38), Judge Scheindlin accepts that a plaintiff must plead culpable participation.  The divergence between Judge Scheindlin and the majority of courts in this District is over whether culpable participation relates to the defendant's state of mind and therefore requires pleading with particularity.  *See, e.g.*, *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, No. 12 Civ. 5329 (SAS), 2014 WL 5334053, at *7 (S.D.N.Y. Oct. 20, 2014); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 393 (S.D.N.Y. 2003).[4]  The Second Circuit has made clear that "a determination of § 20(a) liability requires an individualized determination of a defendant's control of the primary violator *as well as a defendant's particular culpability*".  *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (emphasis added).  Likewise, this Court has held that "plaintiffs must demonstrate a defendant's culpable state of mind to establish a claim for control person liability".  *Bayer AG Sec. Litig.*, 2004 WL 2190357, at *16.  Accordingly, after due consideration of Judge Scheindlin's reasoning to the contrary, this Court rightly has held that culpable participation must be pleaded with particularity under the PSLRA.  *Id.*; *Pa. Pub. Sch. Emps.' Ret. Sys.*, 874 F. Supp. 2d at 368; *SLM Corp.*, 740 F. Supp. 2d at 560; *Yukos Oil Co.*, 2006 WL 3026024, at *23; *see also ShengdaTech*, 2014 WL 3928606, at *10 & n.1 (collecting cases from other judges); *Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 248 (S.D.N.Y. 2006).  Lead Plaintiffs offer no reason for this Court to reconsider its previous rulings.

---

[4] The same is true of the other decisions on which Lead Plaintiffs rely.  *See In re LaBranche Sec. Litig.*, 405 F. Supp. 2d 333, 363 (S.D.N.Y. 2005) (Sweet, J.); *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 415 (S.D.N.Y. 2003) (Cote, J.).

In any event, there are no allegations whatsoever in the Complaint concerning culpable participation by PwCIL.  Lead Plaintiffs have made no attempt to plead culpable participation under either Rule 8(a) or the heightened standards of Rule 9(b) and the PSLRA, and do not assert in their opposition brief that they have done so. (*See* Opp. Br. at 37-38.)  Accordingly, the claim against PwCIL must be dismissed.

## II.    PLAINTIFFS HAVE NOT ADEQUATELY PLEADED THAT PWCIL CONTROLLED PWC CHINA.

Lead Plaintiffs have also failed to plead adequately the control element of their claim against PwCIL.  The Complaint is deficient because it lacks any allegation that PwCIL controlled PwC China's audit of NQ Mobile.  Rather, Lead Plaintiffs allege only that PwCIL is the coordinating entity for the PwC network, PwCIL sets professional standards and principles for the firms in the network, and PwC China is a member of that network.  The control element of Section 20(a) requires more.  The necessary control is not just the right to direct the controlled person's activities generally, but "actual control over the *transaction* in question".  *Floyd v. Liechtung*, No. 10 Civ. 4254 (PAC), 2013 WL 1195114, at *6 (S.D.N.Y. Mar. 25, 2013)[5] (emphasis in original) (quoting *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 435 (S.D.N.Y. 2010)).

The factual allegations on which Lead Plaintiffs rely for the control element of their claim against PwCIL (*see* Opp. Br. at 39) are indistinguishable from

---

[5] In their zeal to limit the holding in *Floyd*, Lead Plaintiffs misread the opinion.  (*See* Opp. Br. at 40.)  *Floyd* noted in a footnote that the plaintiff did not state a Section 20(a) claim based on alleged control over certain entities because those entities were not primary violators.  *Floyd*, 2013 WL 1195114 at *6 n.15.  But in the text, the *Floyd* court dismissed the Section 20(a) claim based on alleged control over Stephen Hill because the plaintiff failed adequately to plead control—specifically, because the plaintiff did not "adequately allege that Defendants controlled the specific transactions in question".  *Id.* at *6.

those that have been rejected by courts considering Section 20(a) claims asserted against

other international accounting network coordinating entities.  *See In re Asia Pulp &*

*Paper Sec. Litig.*, 293 F. Supp. 2d 391, 393, 396 (S.D.N.Y. 2003); *In re Lernout &*

*Haspie Sec. Litig.*, 230 F. Supp. 2d 152, 175-76 (D. Mass. 2002).  Lead Plaintiffs'

purported distinction of *Asia Pulp* based on the fact that PwC China conducted its audit

of NQ Mobile's financial statements under U.S. Generally Accepted Auditing Standards

("GAAS") fails.[6]  As Lead Plaintiffs themselves allege, every audit of an SEC registrant

is conducted pursuant to the standards of the Public Company Accounting Oversight

Board ("PCAOB"), which incorporate U.S. GAAS.  (Compl. ¶ 161.)  So PwC China is

experienced in applying those audit standards, and there is no basis to infer that PwC

China needed assistance from PwCIL on the NQ Mobile audit.[7]  Moreover, the audit at

issue in *Asia Pulp* was also performed under U.S. GAAS, 293 F. Supp. 2d at 393, so

Lead Plaintiffs' purported distinction of *Asia Pulp* is not a distinction at all.

Lead Plaintiffs' reliance on *In re Parmalat Securities Litigation*, 594 F.

Supp. 2d 444 (S.D.N.Y. 2009), is also misplaced.  There, Judge Kaplan found that there

was some evidence that Deloitte U.S., a member firm, controlled the Deloitte network

coordinating entity (known as DTT) because the CEO, CFO and other top officers of

---

[6] While Lead Plaintiffs' brief says that "NQ's audits had to be prepared under U.S. GAAP" (Opp. Br. at 39), the Complaint explains that GAAP applies to the preparation of financial statements, and GAAS are standards for conducting audits.  (Compl. ¶¶ 155, 160, 162.)

[7] Citing paragraph 42 of their Complaint, Lead Plaintiffs assert that "it is hard to believe that [PwC China] did not in fact turn to PwC-IL and its 'centralized service centers' for aid in auditing NQ."  (Opp. Br. at 39.)  In fact, paragraph 42 of the Complaint makes no allegations concerning the audit of NQ Mobile.  Moreover, as set forth in PwCIL's opening brief—and not addressed by Lead Plaintiffs—neither the Complaint nor the PwC U.S. Transparency Report incorporated by reference into the Complaint states that the "centralized service centers" are owned or controlled by PwCIL, and they are not.  (*See* PwCIL Br. at 17.)

Deloitte U.S. held all of the top positions at DTT.  *Id.* at 458-59.  Here, by contrast, Lead Plaintiffs allege only that the senior partner of PwC China is one of five people (and the only person from China) on the PwCIL Network Leadership Team.  (*See* Compl. ¶ 37, incorporating by reference http://www.pwc.com/gx/en/corporate-governance/network-structure.jhtml and http://www.pwc.com/gx/en/leadership/silas-yang.jhtml.)  This is nothing like the one-to-one overlap of leadership in *Parmalat*.  Moreover, it shows nothing about whether PwCIL, the network entity, controls PwC China, a member firm—the opposite of the question at issue in the portion of the *Parmalat* decision on which Lead Plaintiffs rely.[8]

Lead Plaintiffs' other cases, which do not involve accounting firms, are also inapposite.  In *STMicroelectronics v. Credit Suisse Group*, the plaintiff stated a claim that a parent company controlled its wholly-owned subsidiary where the plaintiff alleged "some direct involvement by [the parent] in the underlying events".  775 F. Supp. 2d 525, 536 (E.D.N.Y. 2011) (internal quotation mark omitted).  And in *Katz v. Image Innovations Holdings, Inc.*, the plaintiff stated a claim that directors controlled a corporation where they were involved with the operations and signed the Form 10-K with the alleged misrepresentations.  542 F. Supp. 2d 269, 276 (S.D.N.Y. 2008).  Here, by contrast, Lead Plaintiffs allege no facts suggesting that PwCIL was involved at all in—let alone controlled—PwC China's audit of NQ Mobile.

---

[8] In addition, *Parmalat* applied the wrong legal test.  Judge Kaplan held that Section 20(a) "requires control only of a person or entity liable under the chapter, not of the transaction constituting the violation".  549 F. Supp. 2d at 456.  As set forth above, however, the statute requires "actual control over the *transaction* in question".  *Floyd*, 2013 WL 1195114, at *6 (emphasis in original) (internal quotation marks and citation omitted).

**Conclusion**

For the foregoing reasons, PwCIL respectfully requests that the claim against PwCIL be dismissed with prejudice.

February 18, 2015

CRAVATH, SWAINE & MOORE LLP
by /s/ Antony L. Ryan
Thomas G. Rafferty
Antony L. Ryan
Samira Shah
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000
trafferty@cravath.com
aryan@cravath.com
sshah@cravath.com

*Attorneys for Defendant*
*PricewaterhouseCoopers International*
*Limited*