```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: March 11, 2016
```

[EXHIBIT A]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NQ MOBILE, INC. SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | No. 1:13-cv-07608-WHP |

### [PROPOSED] ORDER APPROVING AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND AWARDING LEAD PLAINTIFF VOLIN REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. §78u-4(a)(4)

This matter came before the Court on the motion of Lead Counsel for: (1) an award of attorneys' fees; (2) reimbursement of Counsel's litigation expenses; and (2) an award of reasonable costs and expenses to Lead Plaintiff Herbert R. Volin (one of the members of the Lead Plaintiff "Volin Group") under 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class in this Action (the "Motion"). Having held a Settlement Fairness Hearing on March 11, 2016, and having considered all papers and arguments submitted in support of and in opposition to the Motion and all proceedings in the Action,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. Plaintiffs' Counsel are hereby awarded __30__ % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ __60,435.96__ in reimbursement of expenses, which fees and expenses shall be paid immediately upon entry of this Order to Lead Counsel from the Settlement Fund. Lead Counsel may determine and distribute the attorneys'

1

fees among other Plaintiffs' Counsel in a manner which, in Lead Counsel's sole discretion, it believes reflects the contributions of such counsel to the prosecution and settlement of the Action with Settling Defendants and the benefits conferred on the Class.

4. The Court finds that an award of attorneys' fees under the percentage-of-recovery method is proper in this case, and further finds that the requested fee is fair, reasonable, and consistent with awards made in similar cases. Furthermore, the Court has reviewed the factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and finds that they support the award. The Court has also performed a rough lodestar cross-check and finds that the hours and rates are reasonable for the amount and specialized type of work performed. Moreover, the effective lodestar multiplier is well within the range of reasonableness.

5. The Court further awards $3000 from the Settlement Fund to Lead Plaintiff Herbert R. Volin pursuant to 15 U.S.C. §78u-4(a)(4) for reimbursement of reasonable costs and expenses (including lost wages) directly relating to his representation of the Class in this Action. as set forth in the declaration that Mr. Volin submitted to the Court in support of his request.

IT IS SO ORDERED.

Dated: March 11, 2016

HON. WILLIAM H. PAULEY, III
UNITED STATES DISTRICT JUDGE